IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Justin Hillerby, | ) | Case No. 6:21-cv-03450-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Kenneth Nelson, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, represented by counsel, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Respondent filed a Motion for Summary Judgment and Return and Memorandum on January 12, 2022.  ECF Nos. 11, 12.  Petitioner filed a Response in Opposition to the Motion for Summary Judgment, and Respondent filed a Reply.  ECF Nos. 13, 17.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On April 14, 2022, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted.  ECF No. 18.  Petitioner filed objections to the Report on April 28, 2022.  ECF No. 19.

1

## BACKGROUND

Petitioner was indicted on a charge of homicide by child abuse in the Berkeley County Court of General Sessions.  App. 955–56.  Petitioner's trial began on February 22, 2010, and he was represented by J. Michael Bosnak ("trial counsel").  App. 1–843. Petitioner was convicted and sentenced to life imprisonment without parole.  App. 832, 841.

Petitioner appealed to the South Carolina Court of Appeals.  App. 352.  Petitioner was represented in his direct appeal by Tricia A. Blanchette.  App. 844–79.  The Court of Appeals affirmed his conviction.  App. 935–39.

Petitioner filed an application for post-conviction relief ("PCR") in the Berkeley County Court of Common Pleas on September 19, 2013.  App. 941–48.  On August 31, 2015, Petitioner, through Jeremy A. Thompson ("PCR counsel") filed an amended PCR application.  App. 962–63.  An evidentiary hearing was held on September 8, 2015.  App. 965.  By order dated January 21, 2016, the PCR court dismissed Petitioner's PCR application.  App. 1155–69.  Petitioner filed a motion to alter or amend pursuant to South Carolina Rule of Civil Procedure 59(e), which was denied, following argument, on June 13, 2016.  App. 1172–84.  A written order followed on July 22, 2016.  App. 1185–86.

Petitioner's counsel filed a petition appealing the PCR court's order by filing a petition for a writ of certiorari to the Supreme Court of South Carolina on January 30,

2

2017.[1]  ECF No. 11-7.  The South Carolina Court of Appeals affirmed the PCR court's

denial of Petitioner's PCR application on August 19, 2020.  ECF No. 11-18.  Petitioner

filed a petition for rehearing, which was denied.  ECF Nos. 11-19, 11-20.  On October 21,

2020, Petitioner filed a petition for writ of certiorari with the Supreme Court of South

Carolina, which was denied.  ECF Nos. 11-21 at 4; 11-23.  Petitioner filed this action on

October 20, 2021.  ECF No. 1.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The

recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The

Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).

The Court will review the Report only for clear error in the absence of an objection.  *See*

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating

that "in the absence of a timely filed objection, a district court need not conduct a *de novo*

review, but instead must only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation." (citation omitted)).

---

[1] PCR counsel withdrew following briefing and was replaced by Taylor D. Gilliam.
ECF No. 11-17.

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).  Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."   28 U.S.C. § 2254(e)(1).

## **DISCUSSION**

Petitioner raised three grounds in his Petition, and the Magistrate Judge recommended granting summary judgment as to each ground.  Petitioner objects to the Magistrate Judge's recommendation.  The Magistrate Judge provided a thorough recitation of the procedural history and the relevant law, including the summary judgment standard and the habeas corpus standard of review, which the Court incorporates into this Order by reference.

4

***Ground One***

In Ground One, Petitioner asserts that the trial court unreasonably applied federal law in admitting Petitioner's statements, which he alleges were made without a knowing, intelligent, and voluntary waiver of his *Miranda*[2] rights.  ECF No. 1 at 5.  The Magistrate Judge recommends granting summary judgment as to this claim.  ECF No. 18 at 11–14. Petitioner objects.[3]  ECF No. 19 at 2–4.

Prior to the beginning of trial, trial counsel challenged the admissibility of certain statements made by Petitioner to police, and the trial court ruled that the statements had been made voluntarily, knowingly, and intelligently.  App. 7–116.  When the State introduced the statements at trial, trial counsel did not object.  App 477, 487.  As noted by the Magistrate Judge, this ground was raised in Petitioner's direct appeal.  App. 849. The South Carolina Court of Appeals found that the claim was not preserved.  App. 936.

Respondent argues that this ground is procedurally defaulted because it was not properly preserved for appellate review.  ECF No. 17 at 2.  Upon de novo review of the record, the Report, and the applicable law, the Court agrees.

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] In his objections, Petitioner states that he "respectfully adopts or reasserts the arguments made in the Response Opposing the Motion for Summary Judgment, in addition to the foregoing and Petitioner's supplemental memorandum of objections or in support thereof."  ECF No. 19 at 1–2.  The undersigned has thoroughly reviewed the entire record in this case de novo; however, the Court will only refer to Petitioner's specific objections when appropriate.

As explained in more detail by the Magistrate Judge, Petitioner raises Ground One consistent with how the claim was raised in his direct appeal. In his PCR, Petitioner raised the related ineffective assistance of counsel claim. In his Response in Opposition and objections, Petitioner argues that the ground was only defaulted because trial counsel was ineffective. However, Petitioner, through counsel, has only raised the direct appeal issue and has not moved to amend the Petition to include a claim for ineffective assistance of counsel as to this ground. Accordingly, the Court finds that this ground is procedurally defaulted, and Petitioner has failed to demonstrate cause and prejudice for the default or that some fundamental miscarriage of justice will result if Ground One is not considered.[4]

### Ground Two

In Ground Two, Petitioner argues that the trial court unreasonably applied and violated federal law in admitting Petitioner's prior bad acts and "irrelevant prejudicial testimony" at trial. ECF No. 1 at 7. As noted by the Magistrate Judge, this ground was raised in his direct appeal. *See* App. 849. Respondent argues that Ground Two is

---

[4] The Magistrate Judge goes on to analyze this ground even assuming that Petitioner had raised the ground as an ineffective assistance of counsel claim and finds that it still fails. ECF No. 18 at 13–14. Petitioner seems to object to this reasoning. ECF No. 19 at 2–4. As the Court finds that this ground has not been presented in the Petition, the Court declines to specifically address this argument. Nevertheless, to the extent it is necessary, the Court agrees with the reasoning and recommendation of the Magistrate Judge and finds that the Report sufficiently addresses Petitioner's objection.

procedurally barred or non-cognizable and that the South Carolina Court of Appeals' ruling was reasonable.  The Court will address each claim in turn.

### *Prior Bad Acts*

With respect to the evidence of prior bad acts, in the direct appeal, Petitioner argued that the trial court failed to follow proper procedure in admitting the testimony. App. 867–71.  Petitioner also argued that the testimony should not have been admitted, as evidence of prior bad acts is generally prohibited by state evidence rules and case law. App. 865–71.

The South Carolina Court of Appeals found that his procedural argument was not raised to the trial court and, therefore, was not properly preserved for appellate review. App. 936.  As explained in more detail by the Magistrate Judge, this constitutes an independent and adequate state law ground; accordingly, this Court is barred from considering Petitioner's procedural argument.  *See Burket v. Angelone,* 208 F.3d 172, 189 (4th Cir. 2000) ("[A]bsent cause and actual prejudice or a miscarriage of justice, a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule."); *see also Sims v. Lewis,* C.A. No. 6:17-3344-JFA-KFM, 2018 WL 7825803, at *8 (D.S.C. Sept. 17, 2018) ("It is well settled in South Carolina that issues not raised and ruled upon in the trial court will not be considered on appeal. Moreover, it is not enough that the argument presented stems from the same factual scenario; rather, the legal

argument must be the same as the argument presented below." (internal citations and quotations omitted)).

With respect to Petitioner's remaining argument regarding prior bad acts, the South Carolina Court of Appeals affirmed the admission of the statements by the teenage witness pursuant to South Carolina law. *See* app. 937–38. Thus, as explained in the Report, the ruling on this claim is based entirely on South Carolina state law; accordingly, it is non-cognizable under federal habeas review. *See Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Further, as noted in the Report, Petitioner has failed to show that any identified evidentiary rulings were so erroneous "as to result in a denial of a constitutionally fair proceeding." ECF No. 18 at 18 (quoting *Barbe v. McBride*, 521 F.3d 443, 452 (4th Cir. 2008)).

Therefore, upon de novo review of the Report, the record, and the applicable law, the Court finds that the portion of Ground Two pertaining to prior bad acts is procedurally barred in part and non-cognizable in part.

*Prejudicial Testimony*

In his direct appeal, Petitioner asserted that the trial court erred in admitting certain testimony of his son's mother because it was either irrelevant or more prejudicial than probative. App. 874–77. In its order, the South Carolina Court of Appeals found that the

8

admission of the testimony was not erroneous based entirely on South Carolina law.[5]

App. 938–39.  Accordingly, for the reasons set forth above and in the Report, this portion

of Ground Two is non-cognizable.[6]

### Ground Three

In Ground Three, Petitioner argues that trial counsel was ineffective for failing to

consult an independent forensic pathologist.  ECF No. 1 at 8.  Respondent argues that

Petitioner has not demonstrated unreasonable findings or application of federal law by

the state court.

The Magistrate Judge provides a more thorough recitation of the evidence

presented at trial and at the PCR hearing, which the Court incorporates by reference.

ECF No. 18 at 20–22.  Briefly, at trial, Dr. Nicholas Batalis testified that the victim died

from "blunt head trauma" and that he had determined that the manner of death was

homicide.  App. 523–24.  At the PCR hearing, Dr. Michael Myer Baden testified that he

---

[5] In his objections, Petitioner cites to the Fourth Circuit's recent ruling in *Witherspoon v. Stonebreaker*, 30 F.4th 381 (4th Cir. Apr. 8, 2022), in support of Grounds One and Two.  That case is distinguishable because here, Grounds One and Two have not been raised as ineffective assistance of counsel claims, and, as explained above, the state court rulings are based on interpretations of state law.

[6] In his objections to Grounds One and Two, Petitioner's counsel states that "[t]he predicate for Ground One and Ground Two entirely, respectively, were each raised to the state appellate court but not ruled upon only due to ineffective assistance of counsel."  As noted above, Petitioner has not raised these claims as ineffective assistance of counsel claims nor has he moved to amend the Petition.  Further, Petitioner is represented by counsel and is not entitled to liberal construction of his grounds.

believed the injuries resulted from the victim being poked with an object and that it was more likely that the injuries had been caused by a child than an adult. App. 977, 998. He also disagreed with Dr. Batalis on the time of death. App. 523, 992–95.

The PCR court found trial counsel's performance was not deficient primarily based on its finding that Dr. Baden was not credible. App. 1165–66. The PCR court further found that Petitioner had not demonstrated that he was prejudiced by trial counsel's alleged failings. App. 1166–68.

In its order, the South Carolina Court of Appeals noted that the PCR court's analysis was deficient but "nevertheless [saw] sufficient evidence in the record to affirm the PCR court's finding that Petitioner failed to demonstrate prejudice." ECF No. 11-18 at 9. Specifically, the South Carolina Court of Appeals stated as follows,

> The PCR court found Petitioner failed to demonstrate prejudice because he admitted to smacking Victim in a recorded conversation with Mother and made a similar statement to law enforcement. We agree with the PCR court that Petitioner's admissions, in conjunction with the evidence presented at trial, constitute overwhelming evidence of guilt. *See Geter*,[7] 305 S.C. at 367, 409 S.E.2d at 346 (stating a reasonable probability of a different result does not exist when there is overwhelming evidence of guilt).
>
> As we noted earlier, Petitioner gave a series of statements to law enforcement. He first denied any part in injuring Victim. In his second statement, he claimed he might have done so inadvertently. In his third statement, however, Petitioner admitted striking Victim with an open hand. He admitted to multiple strikes, all over Victim's head, and said the final blow

---

[7] *Geter v. State*, 409 S.E.2d 344 (S.C. 1991).

knocked Victim to the ground and caused Victim's head to hit the floor. We acknowledge Petitioner recanted this statement, but that was after he made a similar admission to Mother in a phone call from jail.

The phone call from jail was particularly incriminating. Victim's mother directly asked Petitioner "what happened" and Petitioner immediately responded that he had "smacked" Victim. On the same call, Petitioner told Mother his third statement to law enforcement—the statement admitting intentional strikes all over Victim's head—was "true." Petitioner told Victim's mother he had been assaulted by other inmates after they learned of Petitioner's confession via the news.

As we noted at the beginning, trial counsel testified at the PCR hearing that he believed the recording was the critical piece of information that led to Petitioner's conviction. Counsel explained he originally thought the case was winnable because nobody could offer a solid explanation of how the child died and who could have done it. After he heard the phone call from jail, however, counsel assessed "we're done, we're finished. We got no -- I mean, it's a confession."

It is likely the atmosphere at trial would have been different if a forensic pathologist testified in the way Dr. Baden testified at the PCR hearing. But saying the atmosphere would be different is not the same as saying there would have been a different result. Petitioner's own statement was that *he* beat Victim, and thereafter Victim began showing the very symptoms Dr. Batalis said would follow from blunt head trauma. Additionally, there was no evidence presented at trial that Victim's sister was ever hostile to Victim. There was also quite a lot of other incriminating evidence including the testimony about Petitioner's neglectful and rough supervision at the pool and other witnesses describing Petitioner's behavior as suspicious after Victim's body was discovered.

11

> We therefore agree with the PCR court and find it is not reasonably likely that the result of the proceedings would have been different even if the pathology evidence from the PCR hearing had been part of the original case.

ECF No. 11-18 at 9–10.

In the objections to the Report, Petitioner makes several arguments as to why the PCR court's ruling on this Ground was deficient. ECF No. 19 at 4–6. He does not mention the South Carolina Court of Appeals' decision. Upon review, the Court agrees with the Magistrate Judge that Petitioner has failed to show that the South Carolina Court of Appeals' denial of Petitioner's ineffective assistance of counsel claim was either contrary to or an unreasonable application of applicable Supreme Court precedent. Thus, he has failed to meet his burden under § 2254.

## **CONCLUSION**

The Court adopts the recommendation of the Magistrate Judge. Therefore, based on the foregoing, Respondent's Motion for Summary Judgment is **GRANTED** and the Petition is **DENIED**.

## **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **DENIED**.

  **IT IS SO ORDERED**.

          s/ Donald C. Coggins, Jr.
          United States District Judge

August 18, 2022
Spartanburg, South Carolina